UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**AMY M. KROMER,**   CIVIL NO. 08-5181 (PAM/AJB)

PLAINTIFF,

V.   **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,**

DEFENDANT.

---

Edward C. Olson, Esq., and Frederick J. Daley, Jr., Esq., for Plaintiff Amy K. Kromer

Lonnie F. Bryan, Assistant United States Attorney for the Commissioner

---

**I.   INTRODUCTION**

This matter is before the Court for a Report and Recommendation ("R&R") to the District Court regarding Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA)-28 U.S.C. § 2412(d)[Docket No. 19]. Plaintiff requests attorney's fees in the amount of $6,188.25. See Pl.'s Reply 10 [Docket No. 25].

**II.   BACKGROUND**

Plaintiff brought this matter before the Court following the Commissioner's final decision denying disability. On April 3, 2009, Plaintiff and Defendant entered a joint stipulation that this Court order remand of this case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) [Docket No. 15]. On April 21, 2009, United States District Judge Paul A. Magnuson ordered that this case be remanded pursuant to 42 U.S.C. §

1

405(g), and ordered judgment entered accordingly [Docket No. 16]. Judgment was entered the same day [Docket No. 17]. Plaintiff has now filed a motion seeking to collect attorney fees plus costs under the EAJA.

## III. DISCUSSION

Under the EAJA, a prevailing party in any civil action against the United States, including judicial review of an agency action, shall be awarded attorney fees. 28 U.S.C. § 2412(d)(1)(A). An award of attorney fees under the EAJA is unavailable, however, if the agency's actions were "substantially justified or that special circumstances make an award unjust." Id. "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact." Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988) (internal quotation marks omitted)). The burden is on the Commissioner to demonstrate that the denial of disability insurance benefits actions was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003).

Plaintiff requests compensation in the total amount of $6,188.25 which represents 32.10 attorney hours at $170.00/hour [$5,457.00] and 5.85 law clerk hours at $125.00/hour [$731.25]. See Pl.'s Reply 10; see also Ex. C [Docket No. 19].[1] Plaintiff claims all these fees and expenses are reasonable, necessary, and recoverable under the EAJA.

---

[1] The Court would note Plaintiff's originally sought an EAJA award for fees and costs in the amount of $5,465.75. See Pl.'s Motion 7 [Docket No. 19]. The Court assumes that the additional $722.50 represents 4.25 hours Plaintiff's counsel spent on researching, drafting, and reviewing their reply memorandum at a rate of $170.00/hour. The EAJA may provide compensation for all aspects of the fee litigation, including preparation of the fees motion and reply. See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 162 (1990).

Defendant does not contest Plaintiff's argument that his actions were not substantially justified in this case. Defendant does, however, object to the amount of Plaintiff's request for fees and expenses under the EAJA and asks that this Court reduce Plaintiff's award to reflect a reasonable award expended on litigating this case. See Def.'s Resp. [Docket No. 24]. Defendant states that Plaintiff's counsel "has provided no explanation why four separate attorneys were required to perform work on Plaintiff's case, especially considering that this matter involved only preparation of documents to initiate the civil action and motion for summary judgment and supporting memorandum." Id. at 2. Defendant argues that 27 attorneys hours to initiate a civil action and prepare briefing was excessive considering Mr. Daley's[2] and Ms. Jones'[3] experience in this sort of litigation. Id. at 3; see also Ex. D [Docket No. 19]. Under these circumstances, Defendant also speculates that some of the time billed may have been duplicative. Id. Moreover, Defendant takes issue with the fact that Ms. Suzanne Blaz, a law clerk for Plaintiff counsel's firm (see Ex. D), billed at an hourly rate of $125.00/hour and the attorney's requested an hourly rate of $170.00/hour. Defendant asserts that such hourly rates would be unreasonable "according to prevailing market rates in the relevant community." See Missouri v. Jenkins, 491 U.S. 274, 286 (1989). Said rates are also unreasonable when the EAJA provides that attorney fees are awarded based on the prevailing market rates, not in excess of $125.00/hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. See 28

---

[2] Frederick J. Daley, Jr., is a partner at the Chicago firm of Daley, DeBofsky and Bryant. See Ex. D [Docket No. 19].

[3] Kimberly A. Jones is an associate at the Chicago firm of Daley, DeBofsky and Bryant. Id.

U.S.C. § 2412(d)(2)(A). Thus, Defendant requests that the hourly rate at which the fees are awarded should be calculated using the Consumer Price Index ("CPI") for Minnesota and that Plaintiff's award be reduced by at least one-third to represent time reasonably spent on preparation of the brief and avoid any payment for duplication of work. Id. at 4-6; see also Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)(court may reduce amount of compensable hours sought for excessive preparation time and for duplicative efforts by the attorney and paralegal).

The Court finds it reasonable[4] to spend roughly 32 attorney hours and roughly 4 law clerk/paralegal hours reviewing a 833 page record and thereafter performing legal research, drafting, and revising a motion for summary judgment. See, e.g. Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)(46.05 attorney hours and 51.8 paralegal hours were reasonable). Furthermore, attorney rates of $170.00/hour and law clerk/paralegel rates of $125.00/hour are also reasonable under the prevailing market rate irrespective of whether the relevant community is Chicago or the Twin Cities metro area. See Halverson v. Astrue, 2009 WL 2256380, at *4 (D. Minn. July 28, 2009)(42 attorney hours are reasonable at a rate of $165.00/hour considering the increase in cost of living since the enactment of the $125.00 statutory rate guideline set in 1996); Zheng Liu v. Chertoff, 538 F.Supp. 1116, 1124 (D. Minn. 2008)(naturalization case where court found EAJA rates of $167/hour for attorney and $110/hour for law clerk were reasonable); Ex G [Docket No. 19](two separate magistrate judges for Northern District of Illinois in October 2008

---

[4] Fees awarded pursuant to a fee-shifting statute must be reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. Id. The fee applicant bears the burden of establishing entitlement to an award of attorney's fees. Id.

found that $135 and $125/hour were reasonable rates for Ms. Blaz's work on social security actions based on her experience and qualifications).[5]

The Court also agrees with Plaintiff's response that there is no basis to Defendant's contention that Plaintiff counsel's work was "inadequately documented and possibly duplicative." Plaintiff submitted a detailed time log that adequately denotes the tasks of each attorney and the law clerk as it pertains to this matter. If Plaintiff's work was in fact duplicative, Defendant should have offered more than mere speculation that such practices occurred and pointed to supporting evidence in the record. This argument is further diminished by the fact that two of the attorneys-Olson and Goldbloom-contributed less than one hour of combined work. See Ex. C [Docket No. 19]. Moreover, it is quite common for a partner to work with and review the work of an associate. See Begolke v. Astrue, 2007 WL 5490748, at *2 (W.D. Wisc. Oct. 26, 2007).[6]

## III.  RECOMMENDATION

Accordingly, this Court **recommends** that Plaintiff's Motion for Attorney Fees [Docket No. 19] be **GRANTED** and, attorney fees and costs in the amount of $6,188.25 be awarded.

---

[5] It is interesting to note that the Government's own market rate for law clerks in 2007 was $120/hour and $125/hour in 2008. See http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_6.html.

[6] "A lawyer should be commended, not criticized, because she seeks to improve her work product by making revisions to her initial draft. This is an essential element of a lawyer's craft. If the Commissioner would pay the same detailed attention to the activities within its own office as it does in nit-picking fee petitions of attorneys who devote their energies to protecting the disadvantaged in our society, the Commissioner would not face the problem or expense of defending against EAJA petitions." White v. Apfel, 2000 WL 106700, at *3 (N.D. Ill. 2000).

Dated: August 24, 2009

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 7, 2009**.